UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMED ABDULLAH BA GUNAID,

Petitioner,

v.

WARDEN OF GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

Case No. 1:26-cv-01671-KES-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS[1]

(Doc. 1)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Mohammed Abdullah Ba Gunaid, an immigration detainee represented by counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Golden State Annex Detention Facility in McFarland, California. The Petition, filed February 28, 2026, challenges his continued detention under the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). (Doc. 1 at 12-15). Petitioner seeks immediate release or, alternatively, an individualized bond hearing before an impartial immigration judge "IJ"). (*Id*. at 16).

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Petitioner also moved for temporary restraining order. (Doc. 2). On March 11, 2026, the district judge denied that motion, concluding that Petitioner had not shown a likelihood of success because he had received a bond hearing under 8 U.S.C. § 1226(a) and had not challenged the merits of the IJ's bond determination. (Doc. 8 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-14 (9th Cir. 2022)). The district judge referred the matter to the undersigned for further proceedings, including findings and recommendations on the Petition. (*Id.*).

Respondents contend that Petitioner has received the due process required under § 1226(a), that *Rodriguez Diaz* forecloses his proposed allocation of the burden of proof, and that his detention violates neither the INA nor the APA. (Doc. 10). In reply, Petitioner argues that his detention has become prolonged and that the bond proceedings were constitutionally inadequate because the IJ applied an improper legal framework and made an unsupported flight risk determination. (Doc. 11 at 3-5).

The undersigned recommends denying the Petition for the reasons below.

## I. BACKGROUND

Petitioner is a native of Saudi Arabi and a citizen of Yemen and Dominica. He entered the United States on a B-2 visitor visa on or about June 11, 2024, and remained after his authorized stay expired on December 10, 2024. (Doc. 1 at 10-11; Doc. 10-1 at 2).

On November 20, 2025, ICE arrested Petitioner at a scheduled biometric check-in. (Doc. 10-1 at 2). That same day, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States longer than permitted. (Doc. 10-4).

On December 8, 2025, an IJ denied Petitioner's request for custody redetermination under § 1226(a), and denied bond, finding that he posed a flight risk. (Doc. 10-2). On February 25, 2026, the IJ denied a subsequent request because Petitioner had not established materially changed circumstances concerning his flight risk. (Doc. 10-3). Petitioner appealed to the Board of Immigration Appeals ("BIA"), where his appeal remains pending. (Doc. 10 at 2).

Petitioner remains detained pursuant to § 1226(a) at the Golden State Annex Detention Facility in McFarland, California.

## II. APPLICABLE LAW

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As relevant here, "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### B. Discretionary Detention under 8 U.S.C. § 1226

Section 1226(a) authorizes arrest and detention of an alien pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). Under the implementing regulations, a detained noncitizen may seek a bond hearing before an IJ and bears the burden of establishing that release is warranted. a preponderance of the evidence that they are not a danger to the community or a flight risk. *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

A detainee may appeal an adverse bond determination to the BIA and seek a subsequent redetermination upon a showing of materially changed circumstances. *Rogriguez Diaz*, 53 F.4th at 1197; 8 C.F.R. § 236.1(d)(1), 1003.19(e).

If a noncitizen is released under § 1226(a), the government may revoke bond or conditional parole and rearrest the noncitizen "at any time," but courts have held that rearrest must comply with constitutional constraints and generally requires a change in circumstances. *M.R.R. v. Chestnut*, 2025 WL 3265446, at *3 (E.D. Cal. Nov. 24, 2025) (internal citations omitted); *Martinez Hernandez v. Andrews*, 2025 WL 2495756, at *10 (E.D. Cal. Aug. 28, 2025) (while allowing for rearrest at any time, "this does not mean that DHS may exercise its discretion in a manner that is inconsistent with constitutional requirements.").

### C. Due Process

The Fifth Amendment protects persons within the United States, including noncitizens,

from deprivation of liberty without due process of law. *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)*; Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The protections required depend on the individual's immigration status and circumstances. *Zadvydas*, 533 U.S. at 693 ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."). Once noncitizens enter the country, even unlawfully, they are entitled to due process protections, and the Due Process Clause generally requires some form of hearing before the government deprives a person of liberty. *Id.*; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'*"); see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Substantive due process prohibits detention that is punitive rather than regulatory, including detention that lacks a regulatory purpose or is excessive in relation to that purpose. *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). Procedural due process concerns the adequacy of the procedures used to justify the deprivation of liberty.

## III. ANALYSIS

### A. Violation of Due Process

#### 1. Substantive Due Process

Petitioner contends that his detention is excessive and unconstitutional because he has no criminal record and maintains strong community ties. (Doc. 1 at 12-13).

Substantive due process prohibits government conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil detention violates substantive due process when it becomes punitive rather than regulatory. *Torres*, 995 F.3d 695 at 708. No clearly defined duration makes immigration detention unconstitutional in every case. *Doe v. Becerra*, 704 F. Supp. 3d 1006, 1020 (N.D. Cal. 2023), abrogated on other grounds in *Doe v. Garland*, 109 F.4th 1188 (9th Cir.

2024).

Petitioner has not shown that his detention is punitive or excessive in relation to its regulatory purpose. The IJ found he posed a flight risk and later concluded that he had not demonstrated materially changed circumstances warranting a new custody determination. (Docs. 10-2, 10-3). His administrative appeal remains pending. His asserted lack of criminal history and community ties bear on the custody determination, but they do not, without more, establish that detention pending removal is punitive. *See Martinez Leiva v. Becerra*, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) ("[Petitioner's] argument that his detention has become punitive because he does not pose a flight risk or danger … might be correct. But that is what bond hearings are for.").

The government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. at 527; *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil detention in immigration proceedings is assumed to be "nonpunitive in purpose and effect"). Petitioner identifies no circumstances establishing that his detention has ceased to serve that purpose. Moreover, § 1226(a) provides procedures through which he may challenge continued detention. *Silva Villicana v. Warden*, 2026 WL 1816155, at *5 (E.D. Cal. June 24, 2026).

On this record, Petitioner's substantive due process claim should be denied.

2. Procedural Due Process

Petitioner argues that his detention has become prolonged and that his bond proceedings were constitutionally inadequate because the government did not bear the burden of justifying continued detention by clear and convincing evidence. (Doc. 1 at 12-13 (citing *Singh*, 638 F.3d at 1203-05)). Respondents contend that *Rodriguez Diaz* forecloses that argument under the circumstances presented. (Doc. 10 at 2-4).

In *Jennings*, the Supreme Court held that § 1226(a) does not require periodic bond hearings or require the government to justify continued detention by clear and convincing evidence. 583 U.S.C. at 306. The Court remanded for consideration of the constitutional claims.

*Id*. at 312.

The Ninth Circuit later addressed a constitutional challenge to § 1226(a)'s bond procedures in *Rodriguez Diaz*. Applying the factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the court held that those procedures were constitutionally adequate as applied to a petitioner detained for fourteen months who sought a second bond hearing at which the government would bear the burden of proof. *Rodriguez Diaz*, 53 F.4th at 1207-14.

The court assumed that fourteen months constituted prolonged detention but explained that duration alone did not resolve the due process inquiry. The analysis also required consideration of the process received, the additional process available, and the circumstances contributing to the detention's length. *Id*. at 1207-10. Relevant safeguards included an initial bond hearing, an appeal to the BIA, and the opportunity to seek another custody determination upon materially changed circumstances at any time. *Id*.

Petitioner has not established a material distinction between his case and *Rodriguez Diaz*. He has received a custody determination and a subsequent ruling on his request for redetermination. He was represented by counsel and exercised his right to appeal to the BIA. (Docs. 10-2, 10-3, Doc. 10 at 2). He may also request another custody redetermination upon a showing of materially changed circumstances. Even assuming his ten-month detention is prolonged, he has not shown that these procedures are constitutionally inadequate as applied to him. *See Rodriguez Diaz*, 53 F.4th at 1213 (§ 1226(a)'s post-detention bond procedures satisfy due process both facially and as applied); *see also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026).

Petitioner's reliance on *Singh* does not establish that the government must bear the burden of proof at his § 1226(a) bond hearing. *Rodriguez Diaz* rejected the contention that due process categorically requires the government to justify detention under § 1226(a) by clear and convincing evidence. 53 F.4th at 1210-12. Petitioner has not identified circumstances establishing that a different allocation of the burden was constitutionally required here. *Cf., e.g., Rodriguez Pichardo v. Warden, California City Detention Facility*, No. 1:26-cv-07039-KES-

SAB, 2026 WL 2666226, at *1 (E.D. Cal. Sept. 10, 2026) ("Where the government has previously determined that a noncitizen should be released as he did not pose a flight risk or danger, the government must bear the burden of establishing that changed circumstances warrant his present detention.").

Based on the foregoing, Petitioner's procedural due process claim should be denied.

3. Challenges to the IJ's Flight-Risk Determination

In reply, Petitioner argues that the IJ relied on speculation rather than reliable, individualized evidence. He emphasizes his lack of criminal history, pending applications for relief, and voluntary attendance at the biometrics appointment where he was arrested. He also contends that the IJ improperly characterized his applications for asylum and Special Immigrant Juvenile Status as speculative. (Doc. 11 at 3–5).[2]

As the district judge observed when denying temporary relief, the Petition did not challenge the merits of the IJ's bond determination. (Doc. 8). The Court need not consider additional grounds for relief raised for the first time in reply. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Even if considered, these arguments do not establish an entitlement to relief on the present record. In *Martinez v. Clark*, the Ninth Circuit held that the agency's application of the dangerousness standard to established facts presents a reviewable mixed question of law and fact, notwithstanding 8 U.S.C. § 1226(e). 124 F.4th 775, 783–85 (9th Cir. 2024). Review is for abuse of discretion, however, and does not permit the district court to reweigh the evidence or substitute its own assessment for the agency's. *Id*. at 784–85. Although *Martinez* concerned dangerousness rather than flight risk, even assuming its framework applies here, Petitioner has not demonstrated an abuse of discretion on the record presented.

Petitioner has not supplied the memorandum explaining the initial bond determination.

---

[2] The Court granted Petitioner's request to supplement the record solely to update the status of his I-360 petition and removal proceedings. (Doc. 15). Petitioner represented that the supplemental documents neither amended the Petition nor presented additional merits arguments. The Court therefore does not treat the supplemental filing as asserting a new ground for relief or an additional challenge to the bond proceedings.

The subsequent order states that Petitioner failed to establish materially changed circumstances concerning his flight risk. (Doc. 10-3). That limited record does not establish that the IJ applied an incorrect burden of proof or otherwise misapplied the governing legal standard. Petitioner's reliance on his community ties, lack of criminal history, attendance at the biometrics appointment, or pending applications for immigration relief identifies considerations he believes favor release, but does not, without more, establish an abuse of discretion. To the extent that he asks the Court to assign those considerations greater weight, *Martinez* does not permit the Court to reweigh the evidence. *See* 124 F.4th at 784-85. Such arguments must be presented through the administrative appeal process. *See C.A.R.V. v. Wofford*, 2026 WL 241823, at *9 (E.D. Cal. Jan. 29, 2026) (challenges to the sufficiency of the evidence supporting the IJ's determination must be pursued through the ordinary immigration appeal process).

Independently, any otherwise reviewable challenge to the IJ's flight risk determination is unexhausted. Petitioner's BIA appeal remains pending. (Doc. 10 at 2). He has not established that administrative review would be futile or ineffective, that requiring exhaustion would cause irreparable injury, or that another exception applies. A petitioner ordinarily must exhaust an administrative appeal of an adverse bond determination before seeking habeas review. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). When exhaustion has not been satisfied or excused, the district court ordinarily dismisses without prejudice or stays the proceedings pending exhaustion. *Id*. Accordingly, any otherwise reviewable challenge to the IJ's flight-risk determination should be dismissed without prejudice to renewal after exhaustion.

B. Violation of the INA

Petitioner argues that Respondents have exceeded their statutory authority because he is not subject to mandatory detention under §§ 1225(b)(1), 1226(c), or 1231. (Doc. 1 at 14). He also asserts that § 1225(b)(2) does not apply to noncitizen residing in the United States who entered without inspection and were not placed in expedited removal proceedings. (*Id*).

These arguments do not address the statutory basis for Petitioner's detention. Petitioner entered on a B-2 visitor visa, not without inspection, and Respondents do not contend that he is subject to mandatory detention. They argue that Petitioner is detained under § 1226(a), which

authorizes discretionary detention pending a decision on removal. (Doc. 10 at 4).

Petitioner has received a bond determination and a ruling on his subsequent request for custody redetermination. He identifies no additional procedure required by the INA that he has been denied. Accordingly, Petitioner's INA claim should be denied.

C. Administrative Procedure Act

Petitioner alleges that the IJ's determination was an abuse of discretion because Respondents made no "substantiated finding" that he posed a flight risk or danger to the community.

The APA directs a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As relevant here, § 704 permits review of final agency action for which no other adequate remedy in court exists. Agency action is final only if it marks the consummation of the agency's decisionmaking process and determines rights or obligations or produces legal consequences. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). The Ninth Circuit treats the final agency action as jurisdictional. *San Francisco Herring Ass'n v. Department of the Interior*, 946 F.3d 564, 571 (9th Cir. 2019); *see also U Visa Appellants v. Dir., U.S. Citizenship & Immigr. Servs.,* No. 24-6824, 2026 WL 2683743, at *11 (9th Cir. Sept. 14, 2026).

Petitioner's appeal of the IJ's custody determination remains pending before the BIA. Because the IJ's decision is on appeal to the BIA, the IJ's ruling is not final agency action. *See, Cabaccang v. U.S. Citizenship & Immigr. Servs*., 627 F.3d 1313, 1316 (9th Cir. 2010) ((holding that the denial of the petitioners' applications by USCIS was not final agency action because petitioners could renew those applications before the immigration judge and noting holding consistent with the rule that an appeal to a superior agency authority renders an agency decision nonfinal); *Garcia v. Marin*, 2026 WL 917602, at *2 fn. 15 (C.D. Cal. Mar. 31, 2026) (concluding that IJ's ruling is not final agency action because it is on appeal to the BIA); *Li v. Larose*, 2026 WL 948362, at *3 (S.D. Cal. Apr. 8, 2026) (bond denial on appeal to BIA is not final agency action). Petitioner's APA claim should therefore be dismissed without prejudice.

////

Accordingly, IT IS RECOMMENDED:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 be DENIED IN PART as to the substantive and procedural due process claims addressed on the merits and the claim under the Immigration and Nationality Act;
2. Any claim challenging the Immigration Judge's flight-risk determination be DISMISSED WITHOUT PREJUDICE; and
3. The claim under the Administrative Procedure Act be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and
4. The Clerk be directed to enter judgment consistent with the foregoing and close this case.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: October 20, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE